UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMIRA ZAHEER | § | |
|    *Plaintiff* | § | |
| | § | CAUSE NO._____ |
| v. | § | |
| | § | |
| SAKS & COMPANY, LLC | § | JURY TRIAL DEMANDED |
|    *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW, SAMIRA ZAHEER, Plaintiff herein, complaining of SAKS & COMPANY, LLC (hereinafter referred to as "Saks"), Defendant herein, and in support would show the Court as follows:

### I.
### NATURE OF THE CASE

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. for unlawful employment practices based on ethnicity and national origin.

2. Plaintiff Samira Zaheer (hereinafter as "Zaheer") alleges that Defendant, Saks, subjected Ms. Zaheer to discrimination based on her race & national origin.

### II.
### JURISDICTION & VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action is based on Title VII, 42 U.S.C. § 2000e, *et seq*., a federal statute, pursuant to 28 U.S.C. § 1337 because the action is based on a federal statute regulating commerce, and pursuant to 28 U.S.C. § 1343 because the action is based on deprivation of the Plaintiff's right under color of state law as against a federal law providing for equal rights.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because the Texas common law claims form part of the same case or controversy under Article III of the United

States Constitution.

5.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, in that Defendant is a citizen of the State of Massachusetts, and Plaintiff is a citizen of the State of Texas.

6.  Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the unlawful employment practices are alleged to have been committed in Houston, Harris County, Texas, located within the United States District Court for the Southern District of Texas.

7.  The United States District Court for the Southern District of Texas is the proper forum in which to litigate the claims of Plaintiff because Defendant has a physical presence in Houston, Harris County, Texas, and Ms. Zaheer has performed all relevant work for Saks at that location.

### III.
### PARTIES

8.  Plaintiff Samira Zaheer is a female citizen of the United States and a resident of Harris County, Texas.

9.  Ms. Zaheer was originally hired by Saks as a Selling Associate at its Saks store in Houston, Texas located in the Galleria area of Houston.

10.  Defendant, Saks, is incorporated in the State of Massachusetts and registered to do business in the State of Texas.

11.  Saks, at all relevant times, operated its full-line store location in Houston, Harris County, Texas, and, upon information and belief, has continuously had at least 500 employees during the relevant time periods.

12.  At all relevant times, Saks has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

13.  Defendant Saks & Company is a foreign corporation that conducts business in the State of Texas and in this District.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected

according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, because Saks & Company is a nonresident that engages in business in Texas, but has not designated or maintained a resident agent for service of process in this state, the Texas Secretary of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by serving process on the Secretary of State.

14. Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to the person in charge of this non-resident's business at this Defendants home office as follows:

Saks & Company
12 East 49th Street,
New York, New York 10017.

15. Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000. At all relevant times to this action, Defendant was the "employer" of Plaintiff and constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. 203 et seq.

## IV.
## ADMINISTRATIVE PROCEDURE

16. Plaintiff submitted a charge of discrimination, EEOC Charge No. 460-2019-01808, against Defendant to the Equal Employment Opportunity Commission (EEOC), Houston District Office, on February 21st, 2019, requesting an investigation based on national origin discrimination.

17. The EEOC sent a letter of determination to Ms. Zaheer on or about February 28th, 2019, which authorized her right to bring suit in the matter.

18. All conditions precedent to the institution of this lawsuit have been fulfilled.

19. Plaintiff has exhausted her administrative remedies as required by Title VII, 42 U.S.C. § 2000e *et seq*.

## V.
## FACTUAL ALLEGATIONS

20. Saks admittedly has a diverse sales force.  However, the managing supervisors are – on information and belief  – either only Caucasian or Hispanic, as evidenced by the following hierarchy for the location in which the Plaintiff worked:   Assistant General Manager of Merchandising: Dave Newsom;  Department Manager of Cosmetics and Fragrances: Nicole Ilban;  Department Manager of Cosmetics and Fragrances: Albena Nonova ;  Department Manager of Cosmetics and Fragrances: Dawn McFarland;  Store Manager: Bobby Dees;  Human Resources representative: Barbara Foster;  VP: Andrew Balough;  VP: Gregory Boggan.

21. On or about June 6th, 2014, Ms. Samiara Zaheer was hired as a makeup artist and sales associate by the Defendant Saks & company.  Ms. Zaheer worked directly under Ms. Nicole Ilban in this sales and cosmetics capacity until the date of her termination.

23. Over the last four (4) years, Ms. Zaheer continued to be an employee worthy of retention by her employer, acting in a dutiful manor and correctly executing her duties and responsibilities.  Until the date of her termination, on information and belief, Ms. Zaheer had no negative performance complaints or warnings.

24. On or about Thursday, April 5, 2018 at 8:30pm, Ms. Zaheer was called by the security asset protection manager, Krystal Alaniz, to come to the office.  Ms. Alaniz called Ms. Zaheer to her office where another security assistant was present.  The security personnel then began to question Ms. Zaheer over her actions as a sales assistant.

25. Ms. Alinaz then produced a folder and proceeded to ask Ms. Zaheer questions about three separate customers and their series of transactions in the store over the last thirty to sixty days.  Ms. Zaheer was able to recall the balance of details but could not answer every question precisely.

26.     Ms. Alinaz questioned Ms. Zaheer regarding the sales of goods to paying customers, indicating that such sales (and any possible return of said items) were either improper, or unauthorized and conducted incorrectly.

27.     Within the cosmetics section of the establishment, it is common practice to accept a returned item by a known and established account-holding customer without proof of a receipt. Ms. Zaheer effected one such return, and informed her manager regarding same.  Despite the fact that her supervisors previously allowed this practice, and had given her approval for same regarding the instant customer, Ms. Alinaz retroactively denied having given such approval.[1]

28.     This line of questioning and accusation culminated in Ms. Alinaz flatly accusing Ms. Zaheer of stealing merchandise and giving it to individuals that she knew at no cost – in other words, theft.  Ms. Zaheer asked Ms. Alinaz to search the merchandise areas and review the security camera footage, but the review of any such footage was summarily denied.  Ms. Zaheer also requested that the sales receipts for the days of the transactions in question be reviewed. Again, her reasonable request to review pertinent and poignant evidence was summarily denied.

29.     Though Ms. Alinaz indicated that she was not actually accusing Ms. Zaheer of theft, she requested that Ms. Zaheer write out and sign and incident report involving everything that was discussed.  Ms. Zaheer wrote out the report, but Ms. Alinaz refused to accept it as it was written. Ms. Zaheer's report was ultimately rejected by Ms. Alinaz.

30.     Finally, Ms. Alinaz walked out of the room and returned approximately 10 minutes later, placed her cell phone on speaker-mode, and had the Saks HR Representative on the phone – on information and belief, this was Ms. Barbara Foster.  Ms. Foster then informed Ms. Zaheer that

---

[1] Ms. Zaheer performed the return with no proof of purchase (which is done at times when sales associates are unable to allocate the client's information).  The perfume without a receipt price is lowered so it is necessary to itemize the price to make it the same price as was originally purchased. The tax has to be added because the tax is not given.  Once approval is given from a manager, the associate can override the original price and enter the smallest item sold to supply a tax amount.

she would suspend Ms. Zaheer until an investigation was done and that Ms. Zaheer needed to go home.

31. On the following Tuesday, April 10, 2018, Ms. Zaheer received a call from Ms. Foster stating that they have decided to part ways. To Ms. Zaheer's knowledge, no investigation was ever initiated or concluded. To Ms. Zaheer's knowledge, the security camera footage was never reviewed. To Ms. Zaheer's knowledge, no accounting was ever performed regarding the merchandise in stock and the sales receipts of the days in questions regarding those three (3) customers. This was crystalized by the Defendant's act in sending a seeking collections against Ms. Zaheer for the cost of the allegedly stolen property. To date, there has been no substantiation of Ms. Zaheer's termination, and she feels that the treatment she received during her questioning – as well as her ultimate termination from employment – was driven in part or in whole by animus towards her ethnicity / national origin.

## VI.
## CAUSES OF ACTION
### (A) DISCRIMINATION

32. Plaintiff incorporates by reference all above allegations *in haec verba.*

33. The effect of Defendant's acts complained of above has been to deprive Ms. Zaheer of equal employment opportunities as an employee because of her national origin in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*.

34. The reason given by Defendant for Ms. Zaheer's termination was a pretext for ethnic origin discrimination and was not the true reason for her termination.

35. Defendant's termination of Ms. Zaheer was because of animus based on her ethnic origin.

36. Defendant acted intentionally, maliciously, and/or recklessly in terminating Ms. Zaheer because of her ethnicity and country of origin.

37. As a direct and proximate result of the acts complained of herein, Ms. Zaheer has and will continue to suffer loss of compensation, wages, salary and bonuses, past benefits, future

pecuniary losses, mental and emotional distress, humiliation, loss of reputation, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

By reason of the discrimination suffered by Plaintiff, Ms. Zaheer is entitled to all legal and equitable remedies available under Title VII, 42 U.S.C. § 2000e, *et seq.*.

### (B)   HARASSMENT & HOSTILE WORK ENVIRONMENT

38.   Plaintiff incorporates by reference all above allegations *in haec verba.*

39.   Ms. Zaheer was subjected to harassment and a hostile working environment based on her ethnicity and country of origin as detailed above.

40.   This harassment and hostile working environment was severe, based on the fact that such animus was focused solely on Ms. Zaheer, and other members of her ethnic background or national origin background by the management staff of the department.

41.   This harassment and hostile working environment was pervasive during the 300 days prior to Ms. Zaheer's EEOC complaint, based on the many incidents of harassment, including accusations of theft, malfeasance, and fraud, and unfounded accusations of insubordination and unnecessary disciplinary measurers.

42.   The effect of the harassment and hostile working environment complained of above has been to deprive Ms. Zaheer of equal employment opportunities and otherwise adversely affect her status as an employee because of her national origin in violation of Title VII.

43.   Defendant was on notice of said practices and hostile working environment because Defendant's managers, including Defendant's direct supervisors, participated in and witnessed said practices.

44.   Defendant was on notice of said practices and hostile working environment because Plaintiff complained orally to Defendant's managers regarding said practices.

45.   Defendant failed and refused to investigate and take prompt and effective action regarding said practices.

46.     Defendant failed and refused to investigate and take prompt and effective action to stop the hostile working environment.

47.     Ms. Zaheer was threatened with and subjected to tangible employment actions and materially adverse employment actions by Defendant by being subjected to accusations of theft, the attachment of a collection agency in an attempt by the Defendant to recoup its alleged losses on the sales floor, and ultimately termination.

48.     By creating, condoning and perpetuating a hostile work environment because of Ms. Zaheer's national origin, Defendant has acted intentionally, maliciously, and/or recklessly. As a direct and proximate result of the acts complained of herein, Ms. Zaheer has suffered and will continue to suffer loss of compensation and benefits, mental and emotional distress, humiliation, loss of reputation, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

49.     By reason of the discrimination suffered by Plaintiff, she is entitled to all legal and equitable remedies available under Title VII, 42 U.S.C. § 2000e, *et seq.*.

## VII.
## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues of fact raised by its complaint.

## VIII.
## PRAYER

Plaintiff respectfully requests the following relief:

    a.     For actual damages for the period of time provided by law including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

    b.     For reinstatement, or front pay in lieu of reinstatement;

    c.     For compensatory damages as allowed by law;

    d.     For pre-judgment and post-judgment interest as allowed by law;

  e. For attorney's fees, expert witness fees and costs of court; and

  f. For such other and further relief to which Plaintiff may be justly entitled.

           Respectfully Submitted,

           */s/ Julian Frachtman*

H. Julian Frachtman
TBN 24087536
SDTX No. 2695031
3100 Richmond, Suite 203
Houston, Texas 77098
tel. 832-499-0611
fax. 713-651-0819
Hfrachtmanlaw@gmail.com
ATTORNEY FOR PLAINTIFF